UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GREENWOOD,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PALOMAR HEALTH, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:19-cv-1686-LAB-MSB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND SETTING CASE MANAGEMENT CONFERENCE RE: JURISDICTION [Dkt. 28]** |

Plaintiff Gary Greenwood brought this action against his former employer, Defendant Palomar Health, asserting one federal claim for wrongful denial of leave under the Family and Medical Leave Act ("FMLA") and six claims under California state law: denial of leave under the California Family Rights Act ("CFRA" claim); racial harassment; failure to prevent racial harassment; retaliation for reporting harassment; discrimination based on race; and retaliation for disclosing a violation of law. Palomar moved for summary judgment on each claim. (Dkt. 28.) But only one of Greenwood's state law

claims appears to be part of the same case or controversy as his lone federal claim, and even that claim likely falls outside the Court's jurisdiction. The Court won't issue judgment on claims over which it may lack jurisdiction, so the Motion is **DENIED WITHOUT PREJUDICE**. (Dkt. 28.)

As discussed below, the final pretrial conference previously scheduled for July 12, 2021 at 12:30 p.m. is converted to a case management conference to address these jurisdictional issues. The case management conference is set for **July 12, 2021 at 11:30 a.m.**

### I. FMLA Doesn't Authorize a Private Right of Action When Plaintiff is Not Seeking Actual Damages or Injunctive Relief

Greenwood doesn't allege that he suffered any damages in connection with the alleged denial of FMLA leave, nor does he seek equitable relief in connection with that claim. Instead, that claim is offered only as a basis to recover fees and costs. (*See* Dkt. 4 ¶ 73.)[1]

Under 29 U.S.C. § 2617(a)(1), employers may be liable for lost wages, salary, benefits, or other compensation, any actual monetary losses sustained as a direct result of the violation, interest, and liquidated damages based on the amount of actual damages and interest. No liquidated damages are available absent actual damages, and plaintiffs can't recover emotional damages for an FMLA violation. *See id.*; *Bachelder*, 259 F.3d 1112, 1130 (liquidated damages under FMLA "equal to the amount of actual damages and interest"); *Farrell v. Tri-County Metro. Transp. Dist.*, 530 F.3d 1023, 1025 (9th Cir. 2008) (no emotional damages available under FMLA). Section 2617 authorizes a private right of action *only* to recover the damages or equitable

---

[1] The Amended Complaint's Prayer for Relief refers to "statutory fines and penalties in all applicable instances, including but not limited to 29 U.S.C. § 2617 et seq." Those statutes don't impose statutory fines or penalties beyond the liquidated damages provided in 29 U.S.C. § 2617(a)(1). As discussed in this section, liquidated damages are only available if the plaintiff recovers actual damages, too.

relief prescribed in paragraph [(a)(1)]." 29 U.S.C. § 2617(a)(2). And while fees and costs are available under paragraph (a)(3) of that statute, they're only available for actions properly brought under paragraph (a)(2). *See* 29 U.S.C. § 2617(a)(3) (permitting recovery of fees and costs "in such an action" brought under (a)(2)).

Greenwood's FMLA claim doesn't seek remedies provided in 29 U.S.C. § 2617(a)(1), and is therefore outside the scope of actions permitted by paragraph (a)(2). This strips the Court's subject matter jurisdiction over that claim. *See North County Comm'ns Corp. v. California Catalog & Technology*, 594 F.3d 1149, 1162 (9th Cir. 2010) (district court lacked subject matter jurisdiction over private claim not authorized by statute).

## II. Greenwood's Remaining Claims Don't Appear to Be Part of the Same Case or Controversy and May Predominate over the FMLA Claim

Each of Greenwood's remaining claims arises under California state law. When removing the case from state court, Palomar argued that supplemental jurisdiction was available for those claims, without offering any other jurisdictional basis. (Dkt. 1 ¶¶ 5-6.) But supplemental jurisdiction isn't available over state law claims unless they're "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, the state claims and federal claims must "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

The only potential federal claim in this case, the FMLA claim, is based on allegations that Greenwood's supervisors failed to offer Greenwood leave in certain instances between November 2018 and January 2019. Greenwood's CFRA claim stems from the same allegations. But his remaining claims don't.

They rely instead on allegations that other employees harassed him between 2014 and July 2018, that he reported the harassment, and that Palomar terminated his employment because of his reports. There are no apparent ties between the alleged incidents of harassment and Greenwood's termination, on the one hand, and the failure to offer FMLA/CFRA leave, on the other, so the non-CFRA claims may not be part of the same case or controversy as the FMLA claim. *See, e.g., Burton v. Maximus Federal*, 2021 WL 1234588, at *6 (E.D. Va. Apr. 1, 2021) (unemployment benefits claim does not arise from same case or controversy as FMLA claim); *Doe v. Dart*, 2009 WL 1138093, at *4 (N.D. Ill. Apr. 24, 2009) (no "factual overlap" between FMLA claim and harassment claims).

Even if supplemental jurisdiction is available for those claims, it's not clear that the Court should exercise it. "[I]f it appears that the state issues substantially predominate, whether in terms of proof, on the scope of the issues raised, or of the comprehensiveness of the remedy sought," the Court may decline supplemental jurisdiction. *Gibbs*, 383 U.S. at 726; *see also* 28 U.S.C. § 1367(c). Greenwood's harassment and retaliation claims cover a much broader set of circumstances than his federal FMLA claim. While the latter reaches only the content of a handful of conversations spanning a few months, the harassment and retaliation claims relate to events over a four-year period, whether those events established a hostile work environment, and Palomar's motive for terminating Greenwood. And the issue of Palomar's motive involves yet another series of incidents relating to Greenwood's conducts towards other employees and patients. The state law claims involve a more comprehensive remedy, too: Greenwood seeks damages for lost wages, lost benefits, emotion harm, and fees and costs in connection with those claims, but the FMLA and CFRA claims involve only recovery of fees and costs. Because the state law claims appear to predominate over the federal claim in terms of proof, issues

- 4 -

19cv1686-LAB-MSB

raised, and comprehensiveness of the remedy sought, the Court is disinclined to exercise supplemental jurisdiction over them, even if it is available.

Holding a final pretrial conference at this point would be premature due to the jurisdictional issues affecting each claim in this case. The Court converts the previously scheduled conference to a case management conference held on the same date, **July 12, 2021**, but at a different time, **11:30 a.m.** The parties should come prepared to address:

1) Whether Greenwood's First Amended Complaint fails to allege damages in connection with his FMLA claim and whether that failure deprives the Court of subject matter jurisdiction over that claim;
2) Whether Greenwood's discrimination and retaliation claims are part of the same case or controversy as his FMLA and CFRA claims, such that supplemental jurisdiction is available; and, if so,
3) Whether Greenwood's state law claims substantially predominate over the FMLA and CFRA claims.

**IT IS SO ORDERED**.

Dated: July 2, 2021

*/s/ Larry A. Burns*
**HON. LARRY ALAN BURNS**
United States District Judge